**Marquis Aurbach Coffing**
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
paurbach@maclaw.com
crenka@maclaw.com
  Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WYNN HOLDINGS, LLC, a Montana limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> ROLLS-ROYCE MOTOR CARS NA, LLC, a Delaware limited liability company; TOWBIN MOTOR CARS, LLC, a Nevada limited liability company;, <br><br> Defendants. | Case No.:  2:17-cv-00127-RFB-NJK |

### FIRST AMENDED COMPLAINT

Plaintiff Wynn Holdings, LLC (hereinafter "Plaintiff" or "WH LLC") by and through his attorneys of record, the law firm of Marquis Aurbach Coffing, alleges and complains as follows:

### PARTIES

1. WYNN HOLDINGS, LLC ("WH LLC") is and was at all times relevant herein, a Montana limited liability company.

2. ROLLS-ROYCE MOTOR CARS NA, LLC ("Rolls-Royce") is and was at all times relevant herein, a Delaware limited liability company.

3. TOWBIN MOTOR CARS, LLC ("Towbin") is and was at all times relevant herein, a Nevada limited liability company.

MAC:14566-001 3023411_1 3/2/2017 12:56 PM

## JURISDICTION AND VENUE

4. WH LLC is a Montana limited liability company, and its members are each citizens of California.

5. Rolls-Royce is a Delaware limited liability company, with its principal place of business in New Jersey.

6. Towbin is a Nevada limited liability company, and its members are each citizens of Nevada.

7. The amount in controversy exceeds $75,000 because WH LLC paid $168,270 for the vehicle in dispute and is seeking a refund for that amount plus additional damages.

8. Accordingly, this Court has jurisdiction over this case pursuant to diversity jurisdiction under 28 USC § 1332.

## GENERAL ALLEGATIONS

9. WH LLC owns a 2012 Rolls-Royce Ghost, Extended Wheel Base, VIN SCA664L55CUX65734 (the "Vehicle").

10. Mehdi Khorasani ("Khorasani"), a Member of WH LLC, acting on behalf of WH LLC, purchased the Vehicle from Towbin on or about June 6, 2015 for WH LLC, pursuant to a written contract.

11. Khorasani was at all times relevant herein, acting in his capacity as a Member of WH LLC and was acting as an agent of WH LLC.

12. The purchase price of the Vehicle was $168,270.

13. WH LLC has possessed and used the Vehicle since its purchase.

14. Towbin is a certified Rolls-Royce dealer.

15. At all times relevant hereto, Towbin was acting as an agent or representative of Rolls-Royce.

16. Towbin sold the Vehicle as a certified used Rolls-Royce.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

17. The Rolls-Royce 4-year manufacturer's warranty was in effect when WH took possession of the Vehicle and expired October 30, 2016.

18. WH LLC is a "Buyer" under NRS 597.600(1)(b), which defines a Buyer as "Any person to whom the motor vehicle is transferred during the time a manufacturer's express warranty applicable to the motor vehicle is in effect."

19. WH LLC is a "Buyer" under NRS 597.600(1)(c), which defines a Buyer as "Any other person entitled by the terms of the warranty to enforce its obligations."

20. WH LLC properly cared for and maintained the Vehicle.

21. WH LLC's principal is a luxury car enthusiast, has owned Rolls-Royce vehicles previously, and is diligent regarding maintenance and repair of vehicles, including this Vehicle.

22. WH LLC did not neglect the Vehicle.

23. WH LLC did not make any unauthorized modifications or alterations to the Vehicle.

**VEHICLE SERVICE HISTORY**

24. Since the purchase of the Vehicle in June 2015, the Vehicle has spent approximately *181* days in for service, and many of the issues persist.

25. Since the Vehicle was purchased in June 2015 through approximately August of 2016, it has been in for service with a certified Rolls-Royce repair facility approximately 10 times.

26. Although the Vehicle has been in for service for various issues, the most prevalent and problematic issues include the engine and Vehicle shaking during acceleration and repeated malfunctions of the driver side airbag system, both of which problems have never been completely resolved, and still exist.

27. Nevada law presumes a reasonable number of attempts have been made to conform the Vehicle to the warranty for two reasons: (1) the Vehicle was subject to repair 4 or more times by a Rolls-Royce authorized dealer for the engine and Vehicle shaking upon acceleration and the driver side airbag system malfunction, NRS 597.630(2)(a); and (2) the

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  Vehicle was out of service for a cumulative total of more than 30 days while the warranty was in effect. In fact, the Vehicle was out of service for approximately 181 days from June 2015 to July 2016.

28. The malfunction of the driver's side airbag system rendered the car unsafe to drive, according to Rolls-Royce, requiring a Rolls-Royce mechanic to several times pick up the Vehicle and take it in for service.

29. Rolls-Royce would not allow WH LLC to drive the vehicle several times because of the driver's side airbag malfunction.

30. WH LLC has lost confidence in the safety of the Vehicle due to the recurring and persistent engine and Vehicle shaking and malfunction of the driver's side airbag system, as well as the numerous other issues for which the Vehicle has been serviced.

31. During several service visits, Rolls-Royce road tested the Vehicle, adding a total of approximately 405 miles to the Vehicle.

32. WH LLC is entitled to be compensated for this additional mileage that added wear and tear to the Vehicle at no fault of WH LLC's.

## WH LLC'S REPEATED BUY-BACK REQUESTS

33. Since approximately December 2015, WH LLC and its representatives have continuously emailed and called Laura Vaughan, Executive Customer Care, Owner Relations and Services, Rolls-Royce Motor Cars NA, LLC.

34. Ms. Vaughan provided no solutions or assistance.

35. WH LLC requested that Rolls-Royce buy back the vehicle via email on January 13, 2016.

36. On February 1, 2016, Ms. Vaughan responded, refusing to buy back the car and offering a nominal settlement offer that was wholly inadequate.

37. Again, as the malfunctions continued, WH LLC requested that Rolls-Royce buy back the Vehicle on or about June 8, 2016.

MAC:14566-001 3023411_1 3/2/2017 12:56 PM

38. Approximately a month later, Ms. Vaughan responded and again Rolls-Royce refused to buy back the Vehicle.

39. WH LLC then made a final written demand upon Rolls-Royce, dated October 4, 2016, to which Ms. Vaughan responded with the same nominal settlement offer made previously that was insulting to WH LLC and demonstrated bad faith on the part of Rolls-Royce.

40. Rolls-Royce was notified in writing many times during the express warranty period about the nonconformities of the Vehicle with the Rolls-Royce manufacturer's warranty.

**ROLLS-ROYCE AND TOWBIN REFUSE TO RELEASE SERVICE RECORDS TO CONCEAL PRIOR CONCEALED DAMAGE**

41. During one of the many times the Vehicle was being serviced, WH LLC was informed by Rolls-Royce Motor Cars Orange County that there was evidence of damage to the Vehicle from a prior accident.

42. Neither Rolls-Royce nor Towbin disclosed the prior accident or damage upon the sale of the Vehicle.

43. The Vehicle was purchased as a certified pre-owned Rolls-Royce from Towbin, an authorized Rolls-Royce retailer.

44. Knowing that the Rolls-Royce certification process is exacting, WH LLC was surprised and concerned to learn that the car may have been in an accident that was not disclosed.

45. Accordingly, WH LLC requested the service records for the Vehicle from Stephen Nelson at Towbin via email on or about February 22, 2016. Mr. Nelson refused to supply the records.

46. WH LLC made multiple requests for service records from Towbin, and was denied each time.

///

///

///

## **FIRST CLAIM FOR RELIEF**

### **(Violation of Nevada's Lemon Law NRS 597.600 *et seq.*)**

47. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

48. WH LLC is a Buyer of the Vehicle entitled to enforce the Rolls-Royce 4-year manufacturer warranty.

49. The Vehicle does not comply with the Rolls-Royce 4-year manufacturer's warranty.

50. WH LLC reported the nonconformities to Rolls-Royce and Towbin in writing before the expiration of the warranty.

51. Rolls-Royce, its agents, and/or its authorized dealers and Towbin failed to repair the Vehicle to conform with the manufacturer's warranty.

52. The defects or conditions causing the nonconformity of the Vehicle, including but not limited to the repeated and persistent shaking of the engine and Vehicle upon acceleration and malfunction of the driver's side airbag substantially impair the use and value of the motor vehicle to WH LLC.

53. The defects or conditions causing the nonconformity of the Vehicle are not the result of abuse, neglect, or unauthorized modifications or alterations of the Vehicle.

54. Nevada law presumes a reasonable number of attempts have been made to conform the Vehicle to the warranty for two reasons: (1) the Vehicle was subject to repair 4 or more times by a Rolls-Royce authorized dealer for the engine and Vehicle shaking upon acceleration and the driver side airbag system malfunction, NRS 597.630(2)(a); and (2) the Vehicle was out of service for a cumulative total of more than 30 days while the warranty was in effect. In fact, the Vehicle was out of service for approximately 181 days from June 2015 to July 2016.

55. Defendants violated Nevada's Lemon Law, NRS 597.600 *et seq.*, by failing and refusing to accept return of the Vehicle from WH LLC and refund WH LLC the full purchase

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

price including all sales taxes, license fees, registration fees, and other similar governmental charges, less a reasonable allowance for WH LLC's use of the Vehicle.

56. As a direct and proximate result of Defendants' actions, WH LLC has been damaged in an amount in excess of $75,000.

57. As a direct and proximate result of Defendants' actions, WH LLC has been forced to retain an attorney to prosecute this action and is entitled to attorney fees and costs as special damages.

## SECOND CLAIM FOR RELIEF

**(Breach of Contract Against Rolls-Royce and Towbin)**

58. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

59. WH LLC into a valid and existing contract with Towbin, acting on its own behalf and as the agent and representative of Rolls-Royce, for the sale and purchase of the Vehicle.

60. WH LLC performed under the contract.

61. Towbin and Rolls-Royce breached the contract by failing to provide a properly certified pre-owned Rolls-Royce Vehicle, by failing to disclose the prior accident, and by refusing to produce the service records regarding the prior accident when WH LLC so requested.

62. As a direct and proximate result of Defendants' actions, WH LLC has been damaged in an amount in excess of $75,000.

63. As a direct and proximate result of Defendants' actions, WH LLC has been forced to retain an attorney to prosecute this action and is entitled to attorney fees and costs as special damages.

## THIRD CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Rolls-Royce and Towbin)**

64. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

65. WH LLC into a valid and existing contract with Towbin, acting on its own behalf and as the agent and representative of Rolls-Royce, for the sale and purchase of the Vehicle.

66. Towbin and Rolls-Royce owed a duty of good faith and fair dealing to WH LLC.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

67. Towbin and Rolls-Royce breached their duty of good faith and fair dealing to WH LLC by acting in a manner that was unfaithful to the purpose of the contract by failing to disclose the prior accident, and by refusing to produce the service records regarding the prior accident when WH LLC so requested.

68. WH LLC's justified expectations were denied by Towbin and Rolls-Royce's breaches.

69. As a direct and proximate result of Defendants' actions, WH LLC has been damaged in an amount in excess of $75,000.

70. As a direct and proximate result of Defendants' actions, WH LLC has been forced to retain an attorney to prosecute this action and is entitled to attorney fees and costs as special damages.

## FOURTH CLAIM FOR RELIEF

**(Breach of Express Warranty Against Rolls-Royce and Towbin)**

71. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

72. WH LLC into a valid and existing contract with Towbin, acting on its own behalf and as the agent and representative of Rolls-Royce, for the sale and purchase of the Vehicle.

73. Towbin and Rolls-Royce affirmed, promised, and described the Vehicle as a certified pre-owned Rolls-Royce Vehicle and that the Vehicle was covered by Rolls-Royce's 4-year manufacturer's warranty.

74. The affirmation, promise, and description of the Vehicle as a certified pre-owned Rolls-Royce and the 4-year manufacturer's warranty formed a basis of the bargain.

75. The Vehicle did not conform to the affirmation, promise, and description of the Vehicle as a certified pre-owned Rolls-Royce because it had been in a prior undisclosed accident and suffered from numerous problems.

76. Despite the 4-year manufacturer's warranty, Rolls-Royce failed to repair the Vehicle such that it would comply with the warranty and the certified pre-owned standards.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

77. Rolls-Royce and Towbin breached express warranties in violation of NRS 104.2313 *et seq.* and other law.

78. The warranties were not modified by NRS 104.2316.

79. As a direct and proximate result of Defendants' actions, WH LLC has been damaged in an amount in excess of $75,000.

80. As a direct and proximate result of Defendants' actions, WH LLC has been forced to retain an attorney to prosecute this action and is entitled to attorney fees and costs as special damages.

**FIFTH CLAIM FOR RELIEF**

**(Violation of Nevada's Deceptive Trade Practices Act Against Rolls-Royce and Towbin)**

81. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

82. Rolls-Royce and Towbin engaged in a deceptive trade practice under NRS 598.0915 *et seq.* by representing the Vehicle was a certified pre-owned Rolls-Royce, by failing to disclose a prior accident, and refusing to produce the service records regarding the prior accident when WH LLC so requested.

83. Rolls-Royce and Towbin's actions constitute consumer fraud under NRS 41.600.

84. As a direct and proximate result of Defendants' actions, WH LLC has been damaged in an amount in excess of $75,000.

85. As a direct and proximate result of Defendants' actions, WH LLC has been forced to retain an attorney to prosecute this action and is entitled to costs and reasonably attorney fees under NRS 41.600.

**SIXTH CLAIM FOR RELIEF**

**(Violation of Magnuson-Moss Warranty Act 15 USC § 2301 *et seq.* Against Rolls-Royce and Towbin)**

86. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

87. WH LLC is a consumer as defined by 15 USC § 2301 because it is the buyer of the Vehicle, which is a consumer product and was transferred the Vehicle during the manufacturer's warranty.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

88. Rolls-Royce and Towbin are suppliers as defined by 15 USC § 2301 because they are engaged in the business of making the Vehicle, which is a consumer product, available to consumers.

89. Rolls-Royce and Towbin are warrantors as defined by 15 USC § 2301 because they gave or offered to give a written warranty or may be obligated under an implied warranty.

90. The Vehicle contains defects or malfunctions.

91. Rolls-Royce and Towbin made a reasonable number of attempts to correct the defects or malfunctions and failed to do so, and the Vehicle still contains defects or malfunctions.

92. WH LLC elects a refund and has demanded a refund from Rolls-Royce, but has been unable to obtain a refund.

93. As a direct and proximate result of Defendants' actions, WH LLC has been damaged in an amount in excess of $75,000.

94. As a direct and proximate result of Defendants' actions, WH LLC has been forced to retain an attorney to prosecute this action and is entitled to an award of reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. For damages in excess of $75,000;

2. For an award of reasonable attorney fees and costs of suit; and

3. For any further relief as the Court deems to be just and proper.

Dated this 2nd day of March, 2017.

MARQUIS AURBACH COFFING

By /s/ Candice E. Renka
　　Phillip S. Aurbach, Esq.
　　Nevada Bar No. 1501
　　Candice E. Renka, Esq.
　　Nevada Bar No. 11447
　　10001 Park Run Drive
　　Las Vegas, Nevada  89145
　　Attorneys for Plaintiff

MAC:14566-001 3023411_1 3/2/2017 12:56 PM

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 2nd day of March, 2017.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Cally Hatfield
An employee of Marquis Aurbach Coffing

MAC:14566-001 3023411_1 3/2/2017 12:56 PM