**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WYNN HOLDINGS, LLC, ) | |
|               Plaintiff(s), ) | Case No. 2:17-cv-00127-RFB-NJK |
| v. ) | ORDER |
| ROLLS-ROYCE MOTOR CARS NA, LLC, et al., ) | |
|               Defendant(s). ) | |

Pending before the Court is an order for Plaintiff and Plaintiff's new counsel (Eric Hone) to show cause why they should not be sanctioned for violating the Court's orders. Docket No. 38; Fed. R. Civ. P. 16(f). In particular, the Court twice ordered a corporate representative for Plaintiff to appear for a hearing, Docket Nos. 29, 33, and both of those orders were violated, Docket Nos. 32, 37. For the reasons discussed below, the order to show cause is **DISCHARGED** with respect to Mr. Hone, but Plaintiff itself is hereby **SANCTIONED** in a court fine of $500.

On December 6, 2017, the Court issued an order setting a hearing for December 18, 2017. Docket No. 29. The Court ordered that "a corporate representative for Plaintiff" shall attend that hearing in person. *Id.* Plaintiff violated that order, failing to have a corporate representative appear as ordered. Docket No. 32. As a result, the Court continued that hearing to January 10, 2018, again ordering that "a corporate representative for Plaintiff shall attend the hearing." Docket No. 33. Plaintiff violated that order as well, failing to have a corporate representative appear at the continued hearing as ordered. Docket No. 37.

With respect to the first violation noted above, Plaintiff's corporate representative (Paul Edalat) has now filed a declaration indicating that he "never received any order or direction from Messrs. Raich or Thompson advising [him] that [he], or another representative of Wynn Holdings, was required to appear at the hearing held by the Court on December 18, 2017." Docket No. 44-2 at ¶ 7. This denial is belied by the record. A proof of service was filed by Mr. Thompson showing that the Court's order was delivered to Mr. Edalat both by United States mail and by email. Docket No. 30. That proof of service also includes a copy of the email attaching the Court's order. *Id.* at 3-4. A proof of service is a sworn declaration giving rise to a presumption of receipt that can be rebutted only by strong and convincing evidence. *E.g. S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). Conclusory denials of service are insufficient to overcome that presumption. *E.g.*, *Freeman v. ABC Legal Services Inc.*, 827 F. Supp. 2d 1065, 1075 (N.D. Cal. 2011). Here, Plaintiff has ignored the proof of service in the record, and has merely provided a bald denial of receiving the Court's order. Plaintiff has not overcome the presumption of service. Moreover, Plaintiff has provided no other justification for violating the Court's order, and the imposition of sanctions is appropriate given the circumstances. A $500 court fine will be imposed. Payment of this court fine shall be made to the "Clerk, U.S. District Court" no later than January 25, 2018.

With respect to the second violation noted above, Mr. Hone indicates that he inadvertently misread the Court's order in his haste to get up to speed for the continued hearing following his recent retention in this case. Docket No. 44-1 at ¶ 7. Based on that misreading, Mr. Hone advised Mr. Edalat that he need not appear for the hearing set for January 10, 2018. *Id.* at ¶ 9. The Court **CAUTIONS** Mr. Hone moving forward to carefully review all Court orders and to strictly comply with them. In all other respects, the order to show cause will be discharged with respect to Mr. Hone.

IT IS SO ORDERED.

DATED: January 18, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge