# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WYNN HOLDINGS, LLC, a Montana limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROLLS-ROYCE MOTOR CARS NA, LLC, a Delaware limited liability company; TOWBIN MOTOR CARS, LLC, a Nevada limited liability company; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00127-RFB-NJK<br><br>**ORDER** |

## I.    INTRODUCTION

Before the Court are Defendant Rolls-Royce Motor Cars NA, LLC's Motion for Summary Judgment, ECF No. 57, and Defendant Towbin Motor Cars, LLC's Motion for Summary Judgment, ECF No. 63. Plaintiff Wynn Holdings, LLC opposed both motions, ECF No 72, and Defendants both filed responses, ECF Nos. 78, 79.

## II.    PROCEDURAL BACKGROUND

Plaintiff sued Defendants in state court on December 6, 2016. ECF No. 1-2. Defendant Rolls-Royce removed the matter to this Court on January 13, 2017. ECF No. 1. Plaintiff filed a First Amended Complaint on March 2, 2017. ECF No. 10. In the Amended Complaint, Plaintiff alleges six claims: (1) a violation of Nevada's Lemon Law, NRS 597.600 et seq.; (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; (4) breach of express warranty; (5) violation of Nevada's Deceptive Trade Practices Act; and (6) violation of the Magnuson-Moss Warranty Act. Id. Both Defendants now move for summary judgment through

separate motions. ECF Nos. 57, 63. The Court heard oral argument on the motions on January 15, 2019. ECF Nos. 94, 96.

### III. FACTUAL BACKGROUND

#### a. Undisputed facts

The Court finds the following facts to be undisputed. This matter centers on the purchase of an allegedly faulty, pre-owned 2012 Rolls-Royce Ghost EW. Defendant Rolls-Royce advertises a certified pre-owned promise for selected pre-owned vehicles, referred to as Provenance collection, on its website. The Provenance promise includes Defendant Rolls-Royce's guaranty to "thoroughly check the motor car's history and mileage, to ensure its integrity." Defendant Towbin identifies as a certified dealer of Defendant Rolls-Royce's vehicles.

Mehdi Khorasani (a nonparty but a member of Plaintiff Wynn Holdings, LLC) purchased the vehicle from Defendant Towbin on June 6, 2015. The vehicle was pre-owned. But at the time Khorasani purchased the vehicle, the vehicle fell under the original new vehicle warranty.

From July 2015 to October 2016, Paul Edalat (a nonparty but also a member of Plaintiff Wynn Holdings, LLC) took the vehicle in for service, maintenance, and repairs to either Rolls-Royce of Orange County or to Defendant Towbin. The vehicle was unavailable to Plaintiff for over one hundred days, combined, during this time due to necessary repairs.

On December 30, 2015, after the vehicle had been repaired multiple times for issues related to shaking during acceleration, Edalat contacted Laura Vaughan at Defendant Rolls-Royce. After Vaughan confirmed the current registration of the vehicle was not in Khorasani's name, Vaughan continued to correspond with Edalat regarding repairs over the next six months. Edalat informed Vaughan of the multiple repairs required due to the vehicle shaking during acceleration. He also reported to her that the shaking "still exists" and further repair was required.

Sometime within the first year of the purchase, Jenevieve Aldivar from Rolls-Royce of Orange County informed Edalat that the vehicle had previously been in an accident. This was the first time Edalat was informed of the accident history. Khorasani then emailed Defendant Towbin to obtain the documentation from the prior accident. Defendant Towbin denied the request.

///

After the first year of service and through July 2016, Edalat continued to communicate with Vaughan. He brought the vehicle in for the last service and repair attempted under the warranty on July 9, 2016, which lasted until August 12, 2016. Edalat continued to communicate with Saldivar during this time. He also exchanged text messages with an advisor by the last name of Garrison. Garrison informed Edalat that Defendant Towbin performed significant engine and transmission repairs during the last service conducted under warranty.

On October 30, 2016, the original new vehicle warranty expired. Plaintiff then sued Defendants on December 16, 2016.

### b. Disputed facts

The parties dispute whether: Khorasani purchased the vehicle as an agent for Plaintiff or as an individual; Defendant Towbin sold the vehicle as a certified pre-owned vehicle rather than merely a used vehicle; Defendants intentionally failed to notify Plaintiff or Khorasani of the extensive history of accidents and repairs connected with the vehicle; Defendant Tobin was, or represented to be, an authorized Rolls-Royce dealer that sells certified pre-owned Rolls-Royce vehicles.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility

determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V. DISCUSSION**

The Court begins by addressing Defendants' argument that Plaintiff lacks standing. The Court then turns to each individual claim.

**a. Standing**

Defendants first argue for summary judgment, asserting that Plaintiff lacks standing to bring the claims since the vehicle was purchased by Khorasani rather than Plaintiff. The Court disagrees. "[I]t is settled law that an agent may act for an undisclosed principal and that the principal may sue third parties on contracts entered into for its benefit by the agent." S. Indus., Inc. v. U.S. for Use of James Bond Trucking Co., 326 F.2d 221, 223–24 (9th Cir. 1964). Plaintiff provides evidence, through an affidavit and business emails, that Khorasani purchased the vehicle as Plaintiff's agent. The Court therefore finds that a genuine issue of material fact remains, precluding the Court from granting summary judgment based on Defendants' first argument.

**b. Individual Claims**

The Court next considers each of Plaintiff's six claims in turn.

i. Lemon Law Claim

Plaintiff brings its first claim under Nevada's lemon law, which is codified in NRS 597.600, *et seq.* The statute provides:

> If a new motor vehicle does not conform to all of the manufacturer's applicable express warranties and the buyer reports the nonconformity in writing to the manufacturer:
> 1. Before the expiration of the manufacturer's express warranties; or
> 2. No later than 1 year after the date the motor vehicle is delivered to the original buyer,
>
> whichever occurs earlier, the manufacturer, its agent or its authorized dealer shall make such repairs as are necessary to conform the vehicle to the express warranties without regard to whether the repairs will be made after the expiration of the express warranty or the time described in subsection 2.

Nev. Rev. Stat. § 597.610. Defendants both argue that the statute applies only to new vehicles based on the plain language of the statute. The Court agrees.

Courts interpret statutory language by beginning with the statutory text. Rachel H. v. Dep't of Educ. Hawaii, 868 F.3d 1085, 1089 (9th Cir. 2017). Statutory terms are given their ordinary meaning; the plain meaning of the text controls. Id. A statute with plain, unambiguous language must be enforced according to its terms. King v. Burwell, 135 S. Ct. 2480, 2489 (2015). When the text is ambiguous, a court may turn to other resources, *e.g.* the "broader structure" of the statutory scheme, to determine the meaning of the statute. Id. at 2492.

Nevada's lemon law explicitly allows for recovery "[i]f a **new motor vehicle** does not conform to all of the manufacturer's applicable express warranties." Nev. Rev. Stat. § 597.610 (emphasis added). The Court finds that the terms of the statute are plain and clear, and that the statute therefore applies to "new motor vehicles" only. Indeed, Plaintiff's allegations, and the gravamen of the Complaint, rest on the theory that the vehicle was purchased as a certified **used** vehicle. Thus, the Court finds that Plaintiff's first claim—which relates to a vehicle admittedly purchased as a used vehicle—fails as a matter of law. The Court grants Defendants' motions for summary judgment as to claim one.

ii. Breach of Contract Claim

In the second claim, Plaintiff alleges that it entered into a contract with Defendants by purchasing a certified pre-owned vehicle and that Defendants breached their duties under the contract by failing to disclose the accident history and by refusing to produce the related service records. Nevada law requires a party to demonstrate three elements for a breach of contract claim: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from the breach. Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013). Defendants challenge Plaintiff's claim on the basis of the first and the second element. Defendants argue that no contract exists between the parties since the vehicle was purchased by Khorasani. Defendants also argue that Plaintiff lacks any evidence of a breach even if a contract does exist because the vehicle was sold as a used, but not certified, vehicle. Finally, Defendant Rolls-Royce argues for summary judgment on its behalf since it was not a party to the contract.

The Court finds that a genuine issue of fact exists regarding both challenged elements. As to the first element, each party recognizes that a purchase contract was created and executed at the

time Khorasani purchased the vehicle. But Defendants argue that Plaintiff was not a party to the contract, emphasizing that Khorasani—rather than Plaintiff—purchased the vehicle. Defendants' argument fails. Plaintiff has shown a genuine issue of material fact remains: whether Khorasani purchased the vehicle as Plaintiff's agent. Plaintiff points to affidavits and to emails to show Khorasani purchased the vehicle on behalf of Plaintiff. See S. Indus., Inc., 326 F.2d at 223–24. Thus, the Court finds that Defendants are not entitled to summary judgment on the first element.

The Court also finds that a genuine issue of material fact remains as to the second element. While Defendants contend that the vehicle was sold as used but not certified, Plaintiff provides evidence that Defendant Towbin represented that the vehicle was a certified pre-owned vehicle and that Defendant Towbin serves as a certified dealer of Defendant Rolls-Royce preowned vehicles. Thus, a genuine issue of material fact remains as to whether Defendants failed to disclose the vehicle's accident history, which would have been discovered during the vehicle inspection undertaken as part of the Provenance promise. Further, the parties dispute whether Defendants then failed to provide repairs as required under the warranties available to the vehicle. The Court therefore finds that Defendants are not entitled to summary judgment on the second element.

The Court also finds that the second claim may proceed against Defendant Rolls-Royce. Although Defendant Towbin sold the vehicle to Khorasani, Plaintiff proceeds on the theory that Defendant Towbin sold the vehicle as an agent of Defendant Rolls-Royce; namely, Defendant Rolls-Royce manufactured the vehicle and Defendant Towbin sold it as a certified dealer. Plaintiff provides evidence showing that Defendant Rolls-Royce identified Defendant Towbin as an authorized dealer for its vehicles. Because a principal may sue or be sued on a contract entered into by an agent for the principal's benefit, the Court finds the claim may proceed against Defendant Rolls-Royce on the principal-agent theory. See id.

### iii. Breach of the Covenant of Good Faith and Fair Dealing Claim

In the third claim, Plaintiff asserts that Defendants breached the covenant of good faith and fair dealing. Under Nevada law, "every contract imposes upon the contracting parties the duty of good faith and fair dealing." Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 862 P.2d 1207, 1209 (Nev. 1993). "[A] wrongful act which is committed during the course of a contractual relationship

may give rise to both tort and contractual remedies." Id. "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995). "Reasonable expectations are to be determined by the various factors and special circumstances that shape these expectations." Id. Defendants argue for summary judgment of claim three on two bases: (1) the lack of any contract between the parties and (2) the lack of any evidence suggesting Defendants knew about the accident history of the vehicle at the time it was sold.

The Court denies summary judgment on claim three, finding that Plaintiff provides evidence that a contract was formed between the parties through the principal-agency relationship between Plaintiff and Khorasani as well as the principal-agency relationship between Defendant Rolls-Royce and Defendant Towbin. The Court also finds that Plaintiff provides evidence to establish a genuine dispute over whether Defendants knew about the previous accident history of the vehicle through a vehicle inspection that would occur under the Provenance promise. Thus, the Court denies Defendants' motions for summary judgment as to claim three.

iv. Breach of Express Warranty Claim

Turning to claim four, Plaintiff alleges that Defendants breached an express warranty by failing to repair a continuous issue with the vehicle. A plaintiff must demonstrate three elements to bring a breach-of-warranty claim under Nevada law: (1) a warranty existed; (2) defendant breached the warranty; and (3) the breach was the proximate cause of the loss sustained by plaintiff. Nevada Contract Servs., Inc. v. Squirrel Companies, Inc., 68 P.3d 896, 899 (Nev. 2003). Defendants argue that Plaintiff's claim must fail for three reasons. Defendants first contend that the vehicle was not sold as a certified pre-owned vehicle. Defendants then argue that Plaintiff has no evidence that the vehicle was not repaired as required under the applicable warranties. Third, Defendants contend that Plaintiff fails to show the value of the vehicle decreased as a result of insufficient repairs falling under an applicable warranty.

The Court finds that genuine issues of material fact preclude a grant of summary judgment in favor of Defendants. As discussed supra, Plaintiff provides affidavits and representations that

the vehicle was certified as a Provenance vehicle, meaning the certified pre-owned warranty would apply to the vehicle. Further, the parties do not dispute that the original warranty applied to the vehicle until October 30, 2016. Evidence therefore exists to suggest that the vehicle was covered by warranties for the requested repairs. Plaintiff also provides evidence that the vehicle required continuous repairs for the same issue: shaking during acceleration. The failure to satisfactorily repair the alleged issue would affect the value of the vehicle. Thus, the Court finds that the disputed evidence in the record creates genuine issues of material fact and denies Defendants' motions for summary judgment on claim four accordingly.

v. Deceptive Trade Practices Act Claim

In claim five, Plaintiff alleges that Defendants violated Nevada's Deceptive Trade Practices Act by failing to disclose the accident history of the vehicle despite representing it as a certified pre-owned vehicle and for refusing to produce the service records when requested. The Act provides, in part: "A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly … [f]ails to disclose a material fact in connection with the sale or lease of goods or services." Nev. Rev. Stat. § 598.0923. The Act also imposes liability on a person who "[k]nowingly makes a false representation as to the characteristics … of goods or services for sale or lease[.]" Nev. Rev. Stat. § 598.0915(5). Defendants argue that Plaintiff fails to provide any evidence of false representations or any evidence to show Defendants knew about the accident history at the time of the sale to Khorasani. The Court disagrees.

Plaintiff provides affidavits and website print outs indicating that Defendants engaged in a collaboration to sell certified pre-owned vehicles manufactured by Defendant Rolls-Royce. According to statements made at the time of the sale by Defendant Towbin and to statements made by Defendant Rolls-Royce on its website, Plaintiff purchased the vehicle as a certified pre-owned vehicle. Thus, the Provenance promise extended by Defendant Rolls-Royce applied. Under the Provenance promise, Defendant Rolls-Royce guaranteed certain actions were taken to ensure that the vehicle met its standards, including a "thorough[] check" into the vehicle history to "ensure its integrity." Plaintiff's proffered evidence therefore creates a genuine issue of material fact as to

whether Defendants represented the quality and the history of the vehicle in a deceptive manner by failing to disclose the prior accident history at the point of sale when allegedly representing it as a certified pre-owned vehicle. The Court denies summary judgment on claim five accordingly.

      vi.    Magnuson-Moss Warranty Act Claim

The Court now turns to Plaintiff's final claim, in which Plaintiff alleges Defendants violated the Magnuson-Moss Warranty Act by failing to comply with Plaintiff's refund demand after Defendants attempted to repair the vehicle numerous times. The Magnuson-Moss Warranty Act establishes a federal claim for claims for breach of warranties actionable under state law. 15 U.S.C. § 2310; see also Milicevic v. Fletcher Jones Imports, Ltd., 403 F.3d 912, 917 (9th Cir. 2005). The Act relies on state law when its provisions fail to specifically prescribe a regulating rule. See id. at 918. Defendants argue that the claim must fail since the Act only applies to items that have not been fixed after being provided an opportunity to cure under Section 2310(e).

This claim shall proceed for the same reasons Plaintiff's state-law claim for breach of warranty proceeds. A genuine issue of material exists; the parties dispute if the alleged issue with the vehicle was satisfactorily repaired. Due to the repeated repair attempts and the continuous complaints of shaking during acceleration, the Court finds that Defendants are not entitled to summary judgment on claim six.

## VI.    CONCLUSION

**IT IS ORDERED** that Defendant Rolls-Royce Motor Cars NA, LLC's Motion for Summary Judgment (ECF No. 57) is GRANTED in part and DENIED in part. The Court grants summary judgment in favor of Defendant Rolls-Royce Motor Cars NA, LLC on claim one. The remaining claims shall proceed to trial.

**IT IS ORDERED** that Defendant Towbin Motor Cars, LLC's Motion for Summary Judgment (ECF No. 63) is GRANTED in part and DENIED in part. The Court grants summary judgment in favor of Defendant Towbin Motor Cars, LLC on claim one. The remaining claims shall proceed to trial.

/ / /

/ / /

**IT IS ORDERED** that the parties shall file a joint pretrial order thirty days from the entry of this Order.

DATED: March 19, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**